THOMAS C. BASSHOR and others *vs.* CITY OF SAINT PAUL.

June 25, 1879.

St. Paul—Purchases for Fire-Department. — Sp. Laws 1874, *c.* 1, *subch.* 10, § 1, (the charter of the City of Saint Paul,) provides that "the common council shall have power to purchase fire-engines and other fire-apparatus." Subch. 3, § 13, of the charter, provides that "all claims and demands against the city, before they are allowed by the common council, shall be audited and adjusted by the controller." City ordinance No. 18 prohibits the controller from auditing or approving any claim for purchases made for the fire-department, unless such purchases were made upon the written order of the "committee on fire-department," (which is a committee of the common council,) a copy of which order shall be transmitted to the controller with the account for the purchases. The effect of all this is—*First*, that no one except the common council, or some one acting under its directions, has any authority to purchase fire-apparatus; *second*, that the committee on fire-department can make such purchases only by a written order; and, *third*, that a purchase made otherwise than by the council, or some one acting under its direction, (as, for instance, the committee on fire-department,) or one made by such committee otherwise than by written order, is unauthorized and does not bind the city.

Appeal by plaintiffs from a judgment of the district court for Ramsey county, and from an order refusing a new trial, the action having been tried before *Brill*, J., who directed a verdict for defendant.

*C. M. MacCarthy*, for appellants.

*Wm. P. Murray*, for respondent.

BERRY, J.   This action is brought to recover the alleged value of certain fire-apparatus claimed to have been sold and delivered by the plaintiffs to the defendant, the City of Saint Paul.   The defence is, in substance, a denial of any purchase of the apparatus by the defendant.

The city charter, Sp. Laws 1874, *c.* 1, provides in subch. 10, § 1, that "the common council shall have power to purchase fire-engines and other fire-apparatus."   This is exclusive.   Section 13, of subchapter 3 of the charter, enacts that "all claims and demands against the city, before they are

allowed by the common council, shall be audited and adjusted by the controller." City ordinance No. 18 prohibits the controller from auditing or approving any claims for purchases made for the fire-department, unless such purchases were made upon the written order of the' committee on fire-department, (which is a committee of the common council,) a copy of which order shall be transmitted to the controller with the account for the purchases. The effect of all this is— *First,* that no one except the common council, or some one acting under its direction, (as, for instance, the committee on fire-department,) has any authority to purchase fire-apparatus; *second,* that the committee on fire-department can make such purchases only by a written order; and, *third,* that a purchase made otherwise than by the council, or some one acting under its direction, (as, for instance, the committee on fire-department,) or one made by such committee otherwise than by written order, is unauthorized, and does not bind the city. Such purchase is not only simply unauthorized, as made without authority, but it is void because made in direct contravention of the city charter and ordinance, and, therefore, prohibited to be made. The plaintiffs were bound to inquire for the authority of those who assumed to act for the municipal corporation in this instance, and are just as much affected by their want of authority as if it had in fact come to their knowledge. As there was no evidence in this case tending to show that the purchase of the fire-apparatus was made as it should have been, to bind the city, the jury were properly instructed to render a verdict for the defendant.

The order refusing a new trial and the judgment are affirmed.